# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEXAS EASTERN TRANSMISSION, LP<br>5400 Westheimer Court<br>Houston, TX 77056, | : <br> : <br> : <br> : | No. |
| Plaintiff | : <br> : | CIVIL ACTION |
| v. | : <br> : | Eminent Domain |
| | : | Injunctive Relief Requested |
| 1.4 ACRES OF LAND, MORE OR LESS, IN LOWER WINDSOR TOWNSHIP, YORK COUNTY, PENNSYLVANIA, R/W Tract No. 52, and | : <br> : <br> : <br> : | FILED ELECTRONICALLY |
| WASTE MANAGEMENT OF PENNSYLVANIA, INC., and | : <br> : <br> : | |
| and UNKNOWN PERSONS AND INTERESTED PARTIES, | : <br> : <br> : | |
| Defendants | : <br> : | |

# **COMPLAINT**

Plaintiff Texas Eastern Transmission, LP, by the undersigned counsel, files this complaint, averring as follows:

**Nature of the Case**

1.  This is a civil action for the taking of easements in property under the power of eminent domain, for ancillary injunctive relief, and for the ascertainment and award of just compensation to the owner of the property and any other parties in interest.

2.  This action arises under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and the authority for the taking is granted by 15 U.S.C. § 717f(h).

3.  Easements in the defendant's property are to be taken for the construction, operation and maintenance of an underground natural gas transmission pipeline, including temporary work space for construction purposes.

**The Plaintiff**

4.  Texas Eastern is a Delaware limited partnership, duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business at 5400 Westheimer Court, Houston, Texas 77056.

5.  Texas Eastern is a "natural gas company" within the meaning of the Natural Gas Act, 15 U.S.C. §§ 717a(6) and (1).

**The Landowner**

6.  Defendant Waste Management of Pennsylvania, Inc., is a corporation qualified to conduct business in the Commonwealth of Pennsylvania, with a local office located at 4555 Mt. Pisgah Road, York, Pennsylvania 17406.

7. Defendant, as successor by merger to Rite-Way Service, Inc., an SCA Services Company ("Rite-Way"), is the fee owner of certain lands situated in Lower Windsor Township, York County, Pennsylvania, identified by Texas Eastern as Right-of-Way Tract No. 52 and by the legal description contained in a deed to Rite-Way, dated November 16, 1981, a true and correct copy of which is attached hereto as Exhibit A (hereinafter referred to as the "Property").

8. After a reasonably diligent search of public records, defendant is the only person presently known to Texas Eastern to have or claim an interest in the Property that would be taken as a result of this action.

9. There may be others who have or may claim some interest in the Property, whose names are currently unknown to Texas Eastern. They are made parties to this action under the designation of "unknown others."

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action under Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because the property in which Texas Eastern seeks to take an interest by eminent domain is located within the County of York, Commonwealth of Pennsylvania, in the Middle District of Pennsylvania, and because the owner contends that the value of the Property exceeds $3,000.

11. In addition, jurisdiction exists under 28 U.S.C. § 1331 (federal question jurisdiction), because this action arises under the laws of the United States; and under 28 U.S.C. § 1337, because the action arises under an Act of Congress regulating interstate commerce.

12. Venue is properly laid in this district under 28 U.S.C. § 1391(a), because the Property is located entirely in York County, Commonwealth of Pennsylvania, within the Middle District of Pennsylvania.

**The Authority to Condemn**

13. Texas Eastern has been authorized by the Federal Energy Regulatory Commission ("FERC"), an instrumentality of the United States of America having jurisdiction in the premises, to engage in the transportation of natural gas in interstate commerce for ultimate public consumption, subject to FERC's continuing jurisdiction.

14. Texas Eastern is vested with the right of eminent domain pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h).

15. On November 19, 2009, FERC issued an order at FERC Docket No. CP09-68-000 granting to Texas Eastern a certificate of public convenience and necessity (the "FERC Certificate") to construct and operate natural gas transmission lines and related facilities in York County, among other Pennsylvania counties. A copy of the FERC Certificate is attached hereto as Exhibit B.

16. Texas Eastern was granted approval by the FERC Certificate, *inter alia*, to make the necessary facility modifications to enable Texas Eastern to provide service under the Texas Eastern Market Area Crossing ("TEMAX") Project and the Texas Eastern Incremental Market Area Expansion III ("TIME III") Project, including, but not limited to, the construction of 26.5 miles of new 30-inch diameter pipeline in York County as part of the Marietta Extension. (FERC Certificate, ¶ 8).

17. FERC has determined that the TEMAX/TIME III Project (hereinafter sometimes referred to as the "Project") will serve the public interest in that it will enable new supplies of natural gas, including gas sourced in the Rocky Mountains, to reach Northeast markets to fulfill the growing demand for gas, and to provide shippers access to regional storage opportunities in Pennsylvania. (FERC Certificate, ¶¶ 30, 33).

18. To meet the projected November 2011 in-service date for the Marietta Extension phase of the Project, construction on the Properties is scheduled to begin during April 2011.

**The Easements to Be Taken**

19. To construct, operate and maintain the Project facilities in accordance with the FERC Certificate and its rights of eminent domain under the Natural Gas

- 5 -

Act, Texas Eastern intends to acquire, by condemnation, a permanent easement and a temporary workspace easement in lands owned by defendant.

20. The rights that Texas Eastern wishes to acquire from defendant in this proceeding are as follows:

    a. A fifty (50) foot wide permanent and exclusive easement totaling 0.7 acres ± for the purpose of surveying, laying, constructing, maintaining, operating, altering, replacing, repairing, changing the size of, abandoning and removing a pipeline, with above- or below-grade valves, tie-overs, cathodic protection, data acquisition and telecommunication lines and devices, pipeline markers and other appurtenant facilities for the transmission of natural gas, as delineated on the drawing attached hereto as Exhibit C;

    b. A temporary workspace easement totaling 0.7 acres ± for construction purposes, as depicted on Exhibit C; and

    c. Ingress to and egress from the easement areas.

## First Claim for Relief

## Award of Possession By Eminent Domain

21. Texas Eastern incorporates by reference the foregoing paragraphs 1 through 20 as if fully restated.

22. Texas Eastern holds a valid FERC certificate that authorizes the construction, operation and maintenance of the Project, including the construction, operation and maintenance of an underground pipeline on the Property.

23. Texas Eastern has attempted to acquire by contract the necessary property interests, but has been unable to reach agreement with defendant.

24. By virtue of the authority granted in the Natural Gas Act, 15 U.S.C. § 717f(h), and the FERC Certificate, Texas Eastern is vested with federal eminent domain power to acquire an interest in the Property, and pursuant to such authority, Texas Eastern seeks to take by eminent domain the permanent and temporary easements in the Property.

25. Texas Eastern requires a permanent easement and a temporary construction easement as identified and depicted on Exhibit C for the purpose of laying, constructing, operating and maintaining a new 30-inch diameter pipeline and related appurtenances.

26. It is necessary for Texas Eastern to obtain immediate access to and possession of the Property in a timely manner, in order to meet construction deadlines and otherwise comply with the in-service date set forth in the FERC Certificate.

**Second Claim for Relief**

**<u>Determination of Just Compensation</u>**

27. Plaintiff incorporates by reference the foregoing paragraphs 1 through 26 as if fully restated.

28. Defendant landowner is entitled to receive just compensation for the property interests granted to Texas Eastern in this action.

29. Plaintiff requests that the just compensation to which defendant landowner is entitled be determined and awarded in this action.

### Third Claim for Relief

### Injunctive Relief

30. Texas Eastern incorporates by reference the foregoing paragraphs 1 through 29 as if fully restated.

31. Pursuant to Fed. R. Civ. P. 65, Texas Eastern requests preliminary and permanent injunctive relief granting it immediate possession and entry onto the Property, in advance of any award of just compensation, in order to construct, operate and maintain an interstate natural gas transmission pipeline and appurtenances as approved by FERC, and enjoining defendant and its agents, servants and representatives from preventing or interfering in any way with the pipeline construction.

32. It is necessary for Texas Eastern to obtain immediate entry to the Property, in order to meet construction deadlines and otherwise comply with the FERC-approved in-service date for the Marietta Extension.

33. Pursuant to its equitable powers, the Court may grant Texas Eastern immediate entry onto the Property if the conditions for preliminary injunctive

relief under Fed. R. Civ. P. 65 are met. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 823-24 (4th Cir. 2004), *cert. denied*, 543 U.S. 978 (2004); *Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement*, Nos. 08-168 *et al.*, 2008 WL 4346405, *2+ (W.D. Pa. Sept. 19, 2008); *Maritimes & Northeast Pipeline, LLC v. 6.85 Acres*, 537 F. Supp.2d 223 (D. Me. 2008); *Northern Border Pipeline Co. v. 127.79 Acres of Land*, 520 F. Supp. 170 (D. N.D. 1981).

34. Texas Eastern is entitled to a preliminary injunction allowing it immediate entry onto the Property, and enjoining defendant and its agents, servants and representatives from interfering in any way with the exercise of the rights granted, for the following reasons:

   a. Texas Eastern is likely to succeed on the merits of its claim because: (1) the Property is within an area approved for pipeline construction by the FERC Certificate, (2) Texas Eastern has the right to condemn the easements needed for the Project under the Natural Gas Act and the FERC Certificate, (3) Texas Eastern has been unable to acquire the necessary easements on the Property by contract, and (5) defendant contends that the property rights that Texas Eastern wishes to acquire have a value in excess of $3,000.

   b. Texas Eastern must begin construction of the pipeline and other appurtenant facilities by April 2011 and make them available for service no later than November 2011. Consequently, Texas Eastern will suffer irreparable harm absent the issuance of the requested preliminary injunction because delay in accessing the Property will

      substantially increase the risk that Texas Eastern will be unable to timely complete the construction of facilities needed for the Project.

    c.    The balance of harms favors the issuance of the requested preliminary injunction because defendant will be justly compensated for the taking of the easements on the Property.

    d.    The issuance of the FERC Certificate demonstrates that the public interest will be furthered by allowing the Project to proceed in a timely fashion.

    35.    Texas Eastern is prepared to promptly post appropriate security in the form of a surety bond or other undertaking as the Court may direct.

    WHEREFORE, Texas Eastern Transmission, LP respectfully prays that this Honorable Court:

    a.    Issue a preliminary injunction that grants Texas Eastern and its agents immediate access, possession of, and entry onto the Property prior to the award of just compensation to lay, construct, operate and maintain a new 30-inch diameter natural gas transmission pipeline and related equipment and appurtenances as approved in the FERC Certificate;

    b.    Enter judgment condemning a fifty (50) foot wide permanent and exclusive easement across the Property totaling 0.7 acres ± for the purpose of laying, constructing, maintaining, operating, altering, replacing, repairing, changing the size of, abandoning and removing a pipeline, with above- or below-grade valves, tie-overs, cathodic protection, data acquisition and telecommunication lines and devices, pipeline markers and other appurtenant facilities, all of which shall be and remain the property of Texas Eastern for the

    transmission of natural gas in interstate commerce, as delineated on the drawing attached as Exhibit C, together with a temporary workspace easement totaling 0.7 acres ± as depicted on Exhibit C and rights of ingress and egress thereto;

c.   Appoint a commission for the determination of just compensation on the taking pursuant to Fed. R. Civ. P. 71.1(n)(2)(A), should any party demand a jury, and further prays that just compensation for the acquisition by eminent domain of the permanent and temporary easement interests be ascertained and awarded; and

d.   Grant such other relief as the Court seems just and proper.

                Respectfully submitted,

                KEEFER WOOD ALLEN & RAHAL, LLP

Dated: November 18, 2010     By  s/ Donald M. Lewis III
                                    Donald M. Lewis III
                                    I.D. # PA58510
                                    210 Walnut Street
                                    P. O. Box 11963
                                    Harrisburg, PA 17108-1963
                                    717-255-8038
                                    Fax: 717-255-8003
                                    dlewis@keeferwood.com

                Attorneys for Plaintiff